Salem v. Egan is our next case for argument. May it please the Court. My name is Maurice James Salem. I am the appellant pro se in this case. The issue before you is whether the appellant who has two residents, one in New York and one in Illinois, is domiciled in Illinois. The district court held and opposing counsel argues that the appellant is domiciled in Illinois because of his substantial presence in Illinois and his failure to sufficiently show physical presence in New York. Mr. Salem, you have registered to vote in Illinois, have you not? Yes, Your Honor. Illinois requires somebody registering to vote in Illinois to state under penalty of perjury that he lives in Illinois and intends to remain indefinitely. So if you're registered, you stated that under penalty of perjury. That is the federal standard for domicile. Your Honor, you think it can be clearly erroneous for a district court to find that someone who has stated those things under oath actually meant them? I'm registered to vote in New York and in Illinois to register. That's a separate potential problem. I'm interested at the moment in the fact that you are saying it is clearly erroneous for the district court to have found that you are a domiciliary of Illinois. And I wonder how that is possible when you told the state of Illinois under oath that you are indeed a domiciliary of Illinois. My understanding is that your residence is required. And the federal presence plus intent to remain indefinitely. I did not realize that. That is, you signed it under oath if you are registered in Illinois. Well, I would have to look at that and see if at the time that I did register, it stated that. But that wasn't my understanding. My understanding was that you have a residence in Illinois. But regardless, the facts are what they are. Regardless of what I signed, I've always maintained residence. Well, anyway, the lower court didn't hold an evidentiary hearing. This case was disposed of in a Rule 12b motion. So the facts that I pleaded are the facts that that this court should consider de novo. However, based on the case law, the facts that are pleaded, the issue before you is whether or not they constitute a clear and convincing evidence of where the domicile is. Now, I've cited Supreme Court cases of what constitute domicile. It doesn't have to do with the physical presence or the residence. It has to do with the intent to permanently stay. That's what the Supreme Court says. And I also cited other law that distinguished between the requirement of showing physical presence and an intent to stay. Now, the lower court used the case that this court rendered in 1991, Galva Foundry Company v. Hyden. And in that case, the individual, Mr. Hyden, he grew up in Illinois, Pierre, Illinois. He went to school in Illinois. He worked in Illinois. All his family and friends are Illinois. And what he did in Florida was he purchased a home, which he went there just for vacations. And he attempted to claim that Florida was his domicile. Clearly, that's factually distinguishable from this case. In this case, like Mr. Hyden, I grew up in New York, or the appellant grew up in New York, went to school in New York, has a business in New York, still has a business in New York, and has a residence in New York, receives mail regularly in New York. All of his family and friends are in New York. His connection here is his wife's family. Now, the opposing counsel in her brief, she states that there was 15 years of uninterrupted residence. That's not accurate. That's not pleaded in the pleadings. And also, there's no evidence to support that. The facts are in the pleadings, and that's what the court should accept. So, in the same way this court ruled that Mr. Hyden was a domicile in Illinois because of his presence, education, job, and everything, that's the same thing that would apply to me in New York. Now, obviously, my situation here in Illinois is not that I purchased a residence because of my education. No, there is a significant presence, and I admitted that in my pleadings. Now, Your Honor, I will review what you said about the requirement to vote. I didn't understand that. If that's the case, I will withdraw my ability to vote in Illinois, if that is the case, based on the date that I signed it, because I signed in 2004. It's a little late to deregister yourself to vote. Well, I will attempt to do that, Your Honor. But before my time is up, Your Honor, I just want to mention that on page 4 of the decision, the lower court erroneously stated that the hearing board in ARDC found that I had unauthorized practice of law. But what's the relevance of that? Even if that was an erroneous statement, what's the relevance of that to the diversity question? Actually, it's none. The court didn't rely on that in any way in determining that you were not a citizen of New York. Right. It was written in dicta, and probably, and it shouldn't be there because it's clearly erroneous. The decision is right there. It was misread. I'd appreciate it if you could remove that. And thank you, Judge Easterbrook, for letting me know about the requirement for voting. I didn't know. And unless there's any other questions, that's all I have. Thank you. I'll reserve my time for rebuttal. Thank you, counsel. Ms. Stokes. May it please the court. My name is Deidre Wood Stokes, and I am arguing on behalf of Diane Egan. The issue before the court this morning is whether the district court abused its discretion in determining that Maurice Salem was domiciled in the state of Illinois. It is Diane Egan's position that the district court did not abuse its discretion by making the determination upon the facts presented by Salem. And in fact, he is domiciled in the state of Illinois. Egan respectfully requests that this court affirm the lower court's decision dismissing Salem's lack of subject matter, dismissing Salem's case for lack of subject matter jurisdiction for the following reasons. One, Salem failed to meet his burden of proof by failing to establish that he has domiciled in another state. Two, that both public record and admissions that have been made in court support the lack of subject matter jurisdiction. Three, Salem has substantial physical and professional presence in the state of Illinois and has had for some time. Four, he has failed to show that there's been sufficient physical presence in New York. And finally, as the court has indicated, that the reference to what has been cited by the ARDC and the hearing board as a basis is being misapplied. The appropriate standard of review that the Seventh Circuit is a hybrid. The de novo standard of review should generally apply as it relates to a 12B1 motion to dismiss. However, abuse of discretion standard of review should in fact apply as it relates to the facts that the court considered in arriving at its conclusion for Salem having lack of subject matter jurisdiction. In applying- Would it be abuse of discretion or clearly erroneous? I would say- On factual findings. The abuse of discretion. In applying this standard of review- Has this court ever held that the abuse of discretion standard applies to the review of findings of fact? Not this court, Your Honor, but the- Clearly erroneous is more advantageous. I understand. I do, Your Honor. So the standard of review in respect to this is clearly erroneous. I will succumb to that. Yes, Your Honor. And it's my position that that was not a clearly erroneous error that the lower court made. In respect, a consistent theme that Salem actually makes throughout his entire argument is his misapplication of future intent and that distant future that he intends to outweigh his current intent to relate to that it relates to domicile. He points out that he travels back and forth to New York. However, if you look at the documentation that he actually submitted, it covers five trips back and forth to New York from 2015 to 2016. All those trips are overnight trips that barely even exist for more than 24 hours. They're all during weekdays, which probably relates to, we can characterize them as work trips. Most importantly, the last documentation that he provided was March 28, 2016, which is clearly almost four years ago in respect to when he made some travel back and forth. However, yet he still relies on the fact that he believes he is domiciled in the state of New York. He hasn't provided any type of documentation, and he actually stated before Judge Andrea Wood that he, in fact, does not, is not party to a lease agreement, that he does not have any utilities, he does not own property. Matter of fact, if we look at the hearing board's decision that was actually written by the ARDC, the opinion that was written by the ARDC, it indicates that he admitted that he had a permanent residence here in the state of Illinois since 2003. It specifically goes on to state that he filed tax filings in 2010, 2011, 2012, and 2013, and identified his home as in the state of Illinois, and that he also took a home office deduction on all of those tax returns at this time, that he used his residence in Illinois as his law office, his secondary office that he indicates on his letterhead and his business card is actually a UPS address that is in the state of Illinois. And more importantly, from 2004 into 2014, Salem provided his Illinois address to the New York Attorney Regulatory Regulation, which was also a fact that was in that board decision as well. In addition to that, he indicated to Judge Wood that his intent to reside here at least for three, he's been here since 2003, which he indicates, he's intent is to remain in Illinois at least for three to four years or until his daughter finishes law school. And so for those reasons, we believe that he basically has had substantial evidence that he is physically present in the state of Illinois and he's domiciled here. He's been unable to actually satisfy that he has any physical presence in the state of New York other than just traveling and visiting on overnight stays. Lastly, in respect to what I like to point out that he brought up was in Galva, he indicates that he believes that it distinguishes his case. I believe that it supports his case. Like in Galva, what this court basically said was that in Galva, we have Peyton. Galva attempted to argue that Peyton was domiciled in Florida because he had a Florida driver's license, that he had a permanent residence there, that he filed tax returns. But the appellate court stated that he, referencing Peyton, may decide to retire to Florida eventually, quote unquote, but for the foreseeable future, he intends to spend most of the year in Peoria, Illinois. And for those reasons, the appellate court found that Galva was actually domiciled in Florida. So the appellant's intent for foreseeable future may be that he intends, quote unquote, to actually relocate or go back to New York. However, right now, for the foreseeable, for right now, for his current intent, he is actually intending to remain here for at least three to four years, as he's indicated in court, and at least until his daughter, we don't know when that will happen, he says, until she graduates from law school. So with that being said, Your Honor, I would like to state or sum up that it is our position that for the reasons set forth in my argument this morning, and more importantly, because he has registered to vote, he has intentionally obtained a driver's license here, he has filed tax returns here, that he is, there is substantial evidence that has been provided that he is domiciled here, that the court affirmed the district court's decision, granted Egan's motion to dismiss pursuant to 12B1. Thank you, counsel. Anything further, Mr. Salem? Your Honor, with respect to the review, I don't, there isn't a dispute with the facts that were alleged, and the case law that I cited requires that you find, with clear and convincing evidence, that those facts show where I am domiciled. That's the review that you would have to do. Now, counsel, again, gets into fact-finding issues that the lower court didn't hold in evidentiary hearing. For example, when she says the airline tickets are for short flights, correct, because I don't, if I'm going to stay there long, I would take a car to use it to travel. So, but the point is, we didn't get into any fact-finding. And also, there are many interactions with my school there, with my project, that shows an intent. If I solicit something over there, that's a perfect way of showing intent of what the individual wants, and unless there's any other questions, that's all I have. Thank you, Your Honor. Thank you very much. The case is taken under advisement.